UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN POLLACK,

    Plaintiff,                        Case No. 2:17-cv-10599

v.                                 HONORABLE STEPHEN J. MURPHY, III

NATIONS RECOVERY CENTER, INC.
and CORE RESOLUTIONS, INC.,

    Defendants.
                                       /

## OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [15]

Plaintiff Kevin Pollack, proceeding pro se, filed an Amended Complaint that alleged Defendants Nations Recovery Center, Inc. and Core Resolutions, Inc. violated the Telephone Consumer Protection Act, 47 U.S.C. § 227.[1] Before the Court is Defendants' Motion for Summary Judgment [15]. The Court has reviewed the briefs, and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court will grant Defendants' motion.

### BACKGROUND[2]

In December 2015, Defendants began calling Plaintiff on his cellular telephone from multiple telephone numbers. ECF 7, PgID 40–41. During one call, Plaintiff said "hello" and heard static prior to saying "hello" again, at which point an operator responded. *Id.* at 41.

---

[1] In the original complaint, Plaintiff also alleged a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d. ECF 1, PgID 9. The FDCPA claim is omitted from the Amended Complaint. ECF 7. Plaintiff has proven to be sophisticated and though the Court liberally construes a pro se party's filings, the Court nevertheless finds that Plaintiff has clearly opted to drop the FDCPA claim.

[2] At the current stage of litigation, the Court recounts the facts in the light most favorable to Plaintiff.

On several of the calls, Defendants' representatives acted rudely and failed to identify themselves. *Id.* at 41–42. Plaintiff therefore brought suit and alleged that Defendants used an automatic telephone dialing system or an artificial or prerecorded voice to call Plaintiff without his consent in violation of the TCPA. *Id.* at 42.

## STANDARD OF REVIEW

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must identify specific portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings, but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences " in the light most favorable to the nonmoving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

## DISCUSSION

To prevail, Plaintiff must show that Defendants used an automatic telephone dialing system or an artificial or prerecorded voice (an "ATDS"). 47 U.S.C. § 227(b)(1). An ATDS

is statutorily defined as equipment with the capacity to dial numbers that the equipment has stored or produced using a random or sequential number generator. 47 U.S.C. § 227(a)(1). The FCC has interpreted "capacity" as including both current and future ability. *See In re Rules & Regs. Implementing the TCPA of 1991*, 30 FCC Rcd. 7961, 7974 (July 10, 2015). Defendant Nations Recovery Center, Inc. asserted in an answer to an interrogatory[3] that the telephone system at issue has no present or potential capacity to automatically dial telephone numbers and requires human intervention to initiate every call. ECF 15-1, PgID 82, 84. Defendant Core Resolutions, Inc. answered that it does not call debtors, including Plaintiff. ECF 15-2, PgID 91. Defendants therefore have discharged their initial burdens.

Plaintiff argues that there are genuine issues of material fact because he received: (1) a call with dead air or static, and (2) two calls from Defendants from different numbers less than 60 seconds apart. ECF 17, PgID 122–23. Although the opinion is not binding, the Court is persuaded by the Seventh Circuit's holding that allegations of dead air are insufficient to raise a genuine issue of material fact. *See Norman v. AllianceOne Receivable Mgmt., Inc.*, 637 F. App'x 214, 216 (7th Cir. 2015). Similarly, Plaintiff's allegation that he received two calls less than 60 seconds apart does not raise a genuine issue that Defendants used an automatic dialer because such a feat could be easily attained by a human representative.

Plaintiff also argues that Defendants agreed to provide a list of amended interrogatories that would include responses regarding an unaccounted-for call. ECF 17,

---

[3] Interrogatories must be answered under oath and signed by the person who responded or objected. Fed. R. Civ. P. 33. Accordingly, if the Court learns that the interrogatories were untruthful or used to mislead the Court or the pro se plaintiff, Mr. Gentry is at risk of being sanctioned, held in contempt, or both.

PgID 123. But Defendants' interrogatory answers assert that the system used does not have an automatic dialing capacity: any additional information about the unaccounted-for call would still fall outside the statutory definition.

Plaintiff cannot show that Defendants used an ATDS as required to prevail on a TCPA claim, therefore Defendants are entitled to judgment as a matter of law.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion for Summary Judgment [15] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 18, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 18, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

4